478

FOREMOST–McKESSON DRUG AND HEALTH CARE GROUP, A DIVISION OF FOREMOST–McKESSON, INC., Plaintiff,

v.

KINGSWAY PHARMACY, INC., and Dr. William H. Jones and Betti Jones, Defendants.

No. 82–686C(2).

United States District Court, E.D. Missouri, E.D.

July 27, 1983.

Irwin James Frankel, Clayton, Mo., for plaintiff.

Elbert Dorsey, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

FILIPPINE, District Judge.

This matter is before the Court for a determination of the amount of reasonable attorneys' fees to be awarded plaintiff in this action.

By Memorandum and Order dated June 30, 1983, this Court found for plaintiff and against defendant Kingsway Pharmacy, Inc. on Count I of plaintiff's complaint, against defendants William H. Jones and Betti Jones on Count II, and against Kingsway Pharmacy, Inc. and William H. Jones on their counterclaims. The Court further stated that it would award plaintiff reasonable attorneys' fees against the individual defendants in Count II pursuant to a provision in the guarantee agreement between the parties. To aid the Court in determining the amount of reasonable attorneys' fees, the Court ordered the plaintiff to submit an affidavit detailing the time and services rendered by plaintiff's counsel in this case and the rate charged therefor, and allowed defendants five days after receipt of plaintiff's affidavit to respond.

Plaintiff has complied with the Court's order by filing an affidavit and exhibits thereto in which plaintiff's attorney states that plaintiff has paid or is obligated to pay for legal representation in this case the sum of $3,045.00. This charge is based on hourly rates of $75.00, $75.00, $60.00, and $35.00 for the services of I.J. Frankel, Timothy M. Bosslet, Randy M. Smith, and Sandra G. Lacy, respectively. The affidavit of plaintiff's attorney further states that the persons performing service for plaintiff in this case specialize in representation of creditors doing both retail and commercial collection law exclusively and that the rates charged are reasonable.

Defendants have made no response to plaintiff's affidavit and exhibits.

After examining plaintiff's attorney's documentation of the time spent in representing plaintiff in this matter, and after considering the reasonableness of the rate charged therefor, the Court finds $3,045.00 to be a reasonable amount of attorneys' fees.

All matters now having been resolved, final judgment shall enter as of the date of this Memorandum and Order.

In accordance with the foregoing and the Memorandum and Order filed by this Court on June 30, 1983,

IT IS HEREBY ORDERED that plaintiff's motion for summary judgment against defendant Kingsway Pharmacy, Inc. on Count I of plaintiff's complaint be and is GRANTED.

IT IS FURTHER ORDERED that plaintiff shall have judgment against Kingsway Pharmacy, Inc. in the sum of $17,853.49, plus prejudgment interest thereon at the rate of nine percent per annum from March 10, 1982.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment against defendants Dr. William H. Jones and Betti Jones on Count II of plaintiff's complaint be and is GRANTED.

IT IS FURTHER ORDERED that plaintiff shall have judgment against defendants Dr. William H. Jones and Betti Jones on Count II of plaintiff's complaint in the sum of $17,853.49, together with prejudgment interest thereon at the rate of nine percent per annum from March 10, 1982, and the sum of $3,045.00 as reasonable attorneys' fees.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment against defendants Kingsway Pharmacy, Inc. and Dr. William H. Jones on their counterclaims be and is GRANTED.

IT IS FURTHER ORDERED that plaintiff shall have judgment against defendants Kingsway Pharmacy, Inc. and Dr. William H. Jones on their counterclaims and said counterclaims be and are DISMISSED with prejudice.

IT IS FURTHER ORDERED that costs be taxed to defendants.